GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP
38 Discovery, Suite 200
Irvine, California 92618
Telephone: (949) 753-0255
Facsimile: (949) 753-0265
Electronic Service: eservice@g3pmlaw.com

Attorney: MATTHEW M. PROUDFOOT, SBN: 155988

Attorney for Defendant FCA US LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HONG, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 20, inclusive<br><br>                    Defendants. | Case No:<br>Mag. Judge:<br>Dist. Judge:<br>Courtroom:<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant, FCA US LLC ("FCA"), by its counsel GATES, GONTER, GUY, PROUDFOOT & MUENCH, LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 23STCV15379 of the Superior Court of California, County of Los Angeles.  In support of this removal, FCA states as follows:

///

1

DEFENDANT FCA US LLC'S NOTICE OF INTERESTED PARTIES
PURSUANT TO LOCAL RULE 7.1-1

## I.    THE REMOVED CASE

1.    The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff JOSEPH HONG against FCA, entitled *Joseph Hong v. FCA US LLC,* Case No. 23STCV15379 (the "State Action"). The named Defendant is FCA US LLC ("FCA").

2.    Plaintiff filed the State Action on June 30, 2023, asserting breach of express warranty under California's Song-Beverly Consumer Warranty Act against FCA. (*See* Complaint.)

## II.    PROCEDURAL REQUIREMENTS

3.    Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case.    28 U.S.C. § 1446(b). FCA received notice of this matter after it was served with a copy of the Complaint on July 6, 2023. (*See CT Corporation service of process transmittal attached to Complaint as* **Exhibit B** *to the* Declaration of Matthew M. Proudfoot ["Proudfoot Decl."] at ¶ 13, filed concurrently herewith).

4.    However, Section 1446(b) also provides, in relevant part: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this

2

title more than 1 year after commencement of the action." *See also Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 1325-26, 143 L.Ed.2d 448 (1999).

5.    Here, Plaintiff's Complaint did not allege Plaintiff's residency or citizenship, nor did it specifically allege an amount in controversy. Consequently, the case stated by the initial pleading was not removable. It was not until June 20, 2023, that Defendant was able to obtain information related to Plaintiff's residency and/or citizenship by way of the Retail Installment Sale Contract ("Sales Contract"), that it was able to first determine that this matter was removable to Federal Court. (*See* **Exhibit A** to Proudfoot Decl., at ¶¶ 4-6).

6.    Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than thirty (30) days since July 20, 2023 has not elapsed. Accordingly, this Notice of Removal is timely filed.

7.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhibits A-F** filed herewith to the Declaration of Matthew Proudfoot.

8.    Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

9.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with

DEFENDANT FCA US LLC'S NOTICE OF INTERESTED PARTIES
PURSUANT TO LOCAL RULE 7.1-1

the Superior Court of California, County of Los Angeles, promptly after filing of same in this Court.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

11. If any question arises as to the propriety of the removal of this action, FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. DIVERSITY OF CITIZENSHIP EXISTS

13. The basic requirement in diversity cases is that all Plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704

F.2d 1088, 1090 (9th Cir. 1983).  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).  A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent.  *See, e.g., State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  (28 U.S.C. §1332(c)(1).)

14. A corporation's principal place of business refers to the place where its high-level officers "direct, control, and coordinate the corporation's activities."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)

15. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..."  (28 U.S.C. §1446(b)(3).)

5

16. A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g., State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). "It is assumed … that a person's current residence is also his domicile." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).

17. Plaintiff, Joseph Hong, is, and was at the time of filing of the Complaint, a resident of California. (*See* **Exhibits A** and **F** to Proudfoot Decl., at ¶¶ 4 and 17 establishing that Plaintiff resides in California); *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted].

18. At the time Plaintiff's Complaint was filed, and at the time of this Notice of Removal, Defendant FCA US, LLC's is, and was, limited liability company organized under Delaware law with its principal place of business in Auburn Hills, Michigan. (*See* Excerpt from FCA's 2014 Form 10-K filing, **Exhibit D** to Proudfoot Decl., ¶ 15; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

19. The sole member of FCA is FCA North America Holdings LLC, a limited liability company organized under Delaware law with its principal place of business in

6

Michigan. (*See* FCA's Notice of Interested Parties, **Exhibit E** to Proudfoot Decl. ¶ 16).

20. The sole member of FCA North America Holdings LLC is FCA Holdco B.V. (Besloten Vennootschap), a company organized under the laws of the Netherlands. *Id*. FCA Holdco B.V. is one hundred percent owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), which is a publicly traded company incorporated under the laws of the Netherlands. *Id*. As such, FCA is not a citizen of California.

21. Therefore, complete diversity existed as of the time this action was filed, as well as the date of this notice. *See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

22. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332)

23. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

7

24. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).  But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount.  Absent the facial showing from the complaint, the court may consider facts averred in the removal petition.  *Id.*  Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195.  At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

25. FCA disputes that it is liable for any damages whatsoever to Plaintiff.  Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Id.*

26. In the case at bar, the Plaintiff seeks monetary damages.  More specifically, this is a products liability

DEFENDANT FCA US LLC'S NOTICE OF INTERESTED PARTIES
PURSUANT TO LOCAL RULE 7.1-1

case where Plaintiff is alleging breach of express warranty under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) (*See* Complaint *generally*.)

27. More specifically, Plaintiff alleges that on or about December 21, 2022, he purchased a 2022 Chrysler Pacifica, which was delivered with, and later developed defects. (Compl., ¶¶ 5, 10-11).

28. The purchase price of the Plaintiff's 2022 Chrysler Pacifica was **$76,608.60.** (Proudfoot Decl. ¶¶ 4-5.)

29. Plaintiff also alleges that he is entitled to relief for violations under the Song-Beverly Warranty Act asserted against FCA including: replacement or restitution; incidental and consequential damages; attorneys' fees; a civil penalty of up to two times the amount of Plaintiff's actual damages; prejudgment interest; and for such other relief as the Court deems appropriate (Compl., at Prayer for Relief, p. 9 at "A-J").

30. The amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001). The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable estimates of attorneys' fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998).

DEFENDANT FCA US LLC'S NOTICE OF INTERESTED PARTIES
PURSUANT TO LOCAL RULE 7.1-1

31. Plaintiffs' attorneys in Song-Beverly cases tried or prepared for trial regularly request more than $65,000 in fees. *See, e.g., Hall v. FCA US LLC*, 2018 U.S. Dist. LEXIS 85048, at *8-9 (E.D. Cal. May 21, 2018) (plaintiffs' counsel sought $82,110 in fees ); *Ruiz v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 76855, at *22 (C.D. Cal. May 7, 2018) (plaintiff's counsel sought $203,966 in fees); *Garcia v. FCA US LLC*, 2018 U.S. Dist. LEXIS 37594, at *8 n.1 (E.D. Cal. Mar. 7, 2018) (plaintiff's counsel sought $60,615 in fees); *Davtian v. Jaguar Land Rover N. Am. LLC*, 2017 U.S. Dist. LEXIS 30600, at *3 (C.D. Cal. Mar. 3, 2017) (plaintiffs' counsel sought $195,125 in fees); *Clayton v. Ford Motor Co.*, 2017 Cal. App. Unpub. LEXIS 4596, at *1-2 (July 5, 2017) (plaintiffs' attorneys sought $177,840 in fees based on 444.6 hours of work at an hourly rate of $400, *plus* a 2.0 multiplier, i.e. $355,680); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 464 (2016) (trial court awarded "$185,000 in attorney fees and costs for successfully settling his claims under the Song-Beverly Consumer Warranty Act ").

32.  Based on the numbers provided in Plaintiff's Sales Contract, as well as repair orders in possession of FCA, if Plaintiff prevails on his Song-Beverly claim, his damages would be calculated as follows:

Actual Damages:          $ 73,078.17

Plus Civil Penalties       $146,156.34

                         **= $219,234.51 Potential Damages**

(Proudfoot Decl., ¶¶ 8-9 and 17; Cal. Civ. Code §§ 1793.2(d)(2)(B)-(C); 1794(c). *Exhibits A and F filed herewith the Declaration of Matthew M. Proudfoot*).

33. Thus, the amount in controversy exceeds $75,000. The amount in controversy is satisfied. (Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

## V.   CONCLUSION

34. Consequently, the State Action may be removed to this Court by FCA in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated:   August 4, 2023          GATES, GONTER, GUY,
                                 PROUDFOOT & MUENCH, LLP

                                 By: _____
                                     MATTHEW M. PROUDFOOT
                                 Attorneys for Defendant FCA US
                                 LLC

11

PROOF OF SERVICE - 1013(a) C.C.P.

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Gates, Gonter, Guy, Proudfoot & Muench, LLP, located at 38 Discovery, Suite 200, Irvine, CA  92618.  My electronic service address is eservice@g3pmlaw.com.

On **August 4, 2023**, I served the foregoing document described as **DEFENDANT FCA US LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** on the interested parties in this action as set forth on the attached service list in the following manner:

**(  )**          **BY MAIL**.  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service on the same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.  I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

(  )          **BY FACSIMILE**.  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

(  )          **BY PERSONAL SERVICE**.  I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011.

(  )          **BY EXPRESS MAIL**.  I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

(xxx)          **BY ELECTRONIC MAIL**.  I caused said document(s) to be served electronically to **eserviceFCA@mylemonrights.com; dbarry@mylemonrights.com; equinn@mylemonrights.com; lpascal@mylemonrights.com; cshumake@mylemonrights.com; mhoerman@mylemonrights.com; ahernandez@mylemonrights.com; asmith@mylemonrights.com**  pursuant to Civil Procedure §1010.6(a)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **August 4, 2023**, at Irvine, California.

_____
Heidi Dufour

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SERVICE LIST

**ATTORNEY FOR PLAINTIFF**
David N. Barry
THE BARRY LAW FIRM
11845 W. Olympic Blvd., Suite 1270
Los Angeles CA 90064

1

PROOF OF SERVICE

GATES, GONTER, GUY, PROUDFOOT & MUENCH LLP
38 DISCOVERY, SUITE 200
IRVINE, CA 92618
(949) 753-0255